IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 4:CR-99-280 |
| v. | : | 4:CV-03-1780 |
| | : | |
| JOHN C. KENNEY | : | (Judge McClure) |
| | : | |

# M E M O R A N D U M

May 5, 2005

## BACKGROUND:

A grand jury sitting in the Middle District of Pennsylvania returned an indictment charging defendant John C. Kenney with assault of a correctional employee, in violation of 18 U.S.C. § 111(a) and (b) (Count One); resisting a correctional employee, in violation of 18 U.S.C. § 111(a) (Count Two); and possession of a contraband weapon, in violation of 18 U.S.C. § 1791(a)(2) (Count Three).

After trial, a jury found defendant as to Count One, not guilty only by reason of insanity; as to Count Two, not guilty; and as to Count Three, guilty. Sentence was therefore imposed on Count Three of the indictment on November 20, 2001. Defendant appealed his conviction. On November 7, 2002, the United States Court of Appeals for the Third Circuit affirmed. United States v. Kenney, 310 F.3d 135

1

(3d Cir. 2002).

Now before the court is defendant's timely-filed[1] motion under § 2255 to vacate, set aside, or correct his sentence.  (Rec. Doc. No. 151.)  Kenney filed a separate memorandum of law and supporting exhibits for his motion.  (Rec. Doc. Nos. 153 & 154.)  He also filed corrections to his memorandum.  (Rec. Doc. No. 155.)  On April 19, 2004, the government provided a brief in opposition to Kenney's motion.  (Rec. Doc. No. 166.)  Kenney responded to the government's brief on May 10, 2004.  (Rec. Doc. No. 167.)

For the following reasons we will deny Kenney's motion under § 2255.

## DISCUSSION:

### I.  Standard of Review

A prisoner who is in custody pursuant to a sentence imposed by a federal court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed

---

[1]On March 31, 2004, after a dispute over Kenney's failure to file a Notice of Election, we reviewed the entirety of Kenney's filings and ordered the government to respond to Kenney's § 2255 motion.  (Order, Rec. Doc. No. 64.)

the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255, ¶1;

see United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

It is within the court's discretion whether to hold an evidentiary hearing on a

§ 2255 motion.  See Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir.

1989); United States v. Abbott, 975 F.Supp. 703, 712 (E.D. Pa. 1997).  "[T]he

district court must accept the truth of the movant's factual allegations unless they

are clearly frivolous on the basis of the existing record."  Abbott, 975 F.Supp. at

712 (quoting Gov't of the Virgin Islands v. Bradshaw, 726 F.2d 115, 117 (3d Cir.

1984)).  The court need not hold a hearing if the "motion and the files and  records

conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255, ¶2;

see Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United

States District Courts; United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992).  If

the prisoner's claim presents a close question, "[t]he district court need only

supplement the factual record when the merits of the section 2255 motion may turn

on the truth of a non-frivolous allegation."   Abbott, 975 F.Supp. at 712 (quoting

Bradshaw, 726 F.2d at 117).  For the following reasons, the court will not conduct

a hearing because it is apparent that Kenney is not entitled to the relief he seeks.

## II.  Constitutional Violations Alleged by Kenney

Kenney's motion under section 2255 alleges four constitutional grounds in

support of vacating his conviction.  Kenney asserts that his former defense counsel

provided ineffective assistance in violation of the Sixth Amendment.  Kenney

asserts that his former defense counsel was ineffective for (1) failing to recognize

that the jury instructions to Count Three of the indictment were deficient, (2) failing

to move for a lesser included offense as to Count Three of the indictment,[2] and (3)

failing to recognize that possession of a razor in prison is legal, not illegal.

Kenney's fourth ground addresses general due process fairness concerns that the

government had insufficient evidence to convict him of Count Three of the

indictment.[3]  (Rec. Doc. No. 151, at 5-6.)

### III.  Relevant & Undisputed Record of Facts

Kenney challenges his conviction for the possession of a contraband weapon

in violation of 18 U.S.C. § 1791(a)(2).  At trial the prosecution presented testimony

of Officer Mark E. Crowl, an employee of the United States Penitentiary at

Allenwood, Pennsylvania.  During Officer Crowl's testimony the prosecution

presented evidence of the item that Kenney possessed in his right front pants

---

[2]Kenney also characterizes counsel's alleged failure to move for a lesser included offense as a violation of his Fifth Amendment Due Process rights.  (Rec. Doc. No. 151, at 5 & Rec. Doc. No. 153, at 4.)

[3]Kenney characterizes his challenge to the sufficiency of the prosecution's evidence as a violation of his Fifth and Sixth Amendment rights.  (Rec. Doc. No. 153, at 4.)

pocket.  The item in Kenney's pocket was a matchbook with a razor blade hidden behind the matches.  Kenney's possession of the concealed blade was the basis for Count Three of the indictment.  (Rec. Doc. No. 166, Ex. 1, at 6-8.)  The prosecution also presented among its exhibits a whole disposable razor.  (Rec. Doc. No. 166, Ex. 1, at 5.)  Officer Crowl testified that these razors were available through laundry or the commissary, and that there was nothing unlawful or contrary to the Bureau of Prisons rules regarding an inmate possessing a Bic Razor.  (Rec. Doc. No. 166, Ex. 1, at 5.)  Officer Crowl also testified that the blade found in the matchbook was "the razor blade out of the razor.  It can be cracked open and the razor can be removed."  (Rec. Doc. No. 166, at 7.)  Crowl testified that inmates were not allowed to possess matchbooks with hidden blades.  (Rec. Doc. No. 166, Ex. 1, at 15.)

According to the prosecution's brief, Kenney's counsel, Jeffrey Dohrmann, Esquire, recollected that he requested a general lesser included offense charge during the charging conference of May 30, 2001.  The record indicates that Dohrmann did request a lesser included offense charge specifically as to Count One.  (Rec. Doc. No. 166, Ex. 2, at 43.)

On May 24, 2001, at the close of the prosecution's evidence, defense counsel presented an oral request for judgment of acquittal pursuant to Federal

Rule of Criminal Procedure 29(a).  (Rec. Doc. No. 166, Ex. 3.)  We denied that

motion.  (Rec. Doc. No. 166, Ex. 3.)  The prosecution had provided to defense

counsel, and presented at trial to the jury, the statements of the defendant in which

he mentioned the blade that constitutes the basis for Count Three of the indictment.

(Rec. Doc. No. 166, Ex. 4.)

## IV. Strickland's Ineffective Assistance Standard

Kenney has raised three ineffective assistance of counsel claims.  An

ineffective assistance of counsel claim may be brought for the first time in a

collateral proceeding under § 2255, whether or not that claim could have been

raised on direct review.  Massaro v. United States, 538 U.S. 500, 504 (2003);

United States v. Davies, 394 F.3d 182, 188 (3d Cir. 2005).  We now briefly address

that Sixth Amendment standard.

In order to obtain a vacation of his conviction, Kenney must prove under the

totality of the circumstances that (1) counsel's performance fell below an objective

standard of reasonableness and (2) that counsel's deficient performance prejudiced

Kenney by resulting in an unreliable or fundamentally unfair outcome of the

proceeding.  Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v.

Smack, 347 F.3d 533, 537 (3d Cir. 2003).  Kenney must prove both prongs of the

test; therefore, if one prong is not met the court need not address the other prong.

Strickland, 466 U.S. at 697.

### A. Counsel's Failure to Recognize the Jury
### Instructions to Count Three were Deficient

Kenney asserts that "Mr. Dohrmann had failed to object to the deficient instructions."  (Rec. Doc. No. 151, at 5 & Rec. Doc. No. 153, at 8.)  It appears that Kenney believes the instructions are deficient "because the jury was never ever apprised of the fact that inmates are allowed to possess disposable shaving razors while in a penal setting."  (Rec. Doc. No. 153, at 8.)  However, the jury heard about this undisputed fact at trial.  USP-Allenwood Officer Crowl testified that prisoners were allowed to possess disposable razors and that they were available from laundry and the commissary.  (Rec. Doc. No. 166, Ex. 1, at 5.)  Kenney asserts that his counsel was ineffective for failing to seek jury instructions that also disclosed that disposable razors were allowed to be in a prisoner's possession.

Of course, Kenney was not charged for possession of an intact disposable razor.  Count Three of the indictment was based on Kenney's possession of the hidden blade.  The testimony at trial indicated that the blade was removed from a legitimate shaving utensil and hidden behind matches.  Officer Crowl testified that an inmate was not allowed to possess a razor blade taken off a disposable razor and placed in a matchbook.  (Rec. Doc. No. 166, Ex. 1, at 15.)

Defense counsel's performance was not below an objective standard of

reasonableness when counsel failed to request a jury instruction that referred to the

legality of intact disposable razor blades.

The jury instructions as to Count Three of the indictment were as follows:

> Count Three of the indictment charges the defendant with
>
> violating Title 18 of the United States Code, Section 1791(a)(2),
>
> which reads:
>
>> Whoever - being an inmate of a prison
>> makes, possesses, or obtains a prohibited
>> object, shall be [guilty of an offense against
>> the United States].
>
> To find the defendant guilty of Count Three, you must
>
> find that the government has proven beyond a reasonable doubt
>
> each of the following elements:
>
> **FIRST**: The defendant is an inmate;
>
> **SECOND**: The defendant knowingly possessed or
>
> obtained a prohibited object; and
>
> **THIRD**: The prohibited object must be the type of item
>
> which an inmate may not possess, make, or obtain under the
>
> rules and regulations of the Bureau of Prisons.

The prosecution must prove that the defendant intended to make, possess, or obtain a contraband item or weapon. However, the prosecution need not prove that the defendant intended to use the contraband item or weapon himself.

The term "possess" means to exercise authority, dominion, or control over.  Possession may be actual or constructive.  Possession may be sole or joint.

The term "obtain" should be given its normal meaning by you considering whether defendant is guilty of that offense.

Congress has defined objects that are "prohibited objects."  They include, among other things, an object that is designed or intended to be used as a weapon.

What is a "weapon" is a question of fact for you alone to determine.  You may consider in reaching your determination any pertinent aspect of the item, including the general purposes for which the item can be used, any manner in which the item may have been altered from the original condition or appearance, the manner in which the item was carried, and other factors which you believe are important in reaching your

9

conclusion.

(Rec. Doc. No. 154, Ex. 1, at 16-17.)

The jury instructions trace the language found in 18 U.S.C. § 1791(a)(2). The government contends that the instructions mirrored those found in United States v. Fox, 845 F.2d 152 (7th Cir. 1988), cert. denied, 488 U.S. 1012 (1989) (stating that in order to convict under previous version of 18 U.S.C. §1791(a)(2), the prosecution need only prove that the inmate in the federal prison purposefully possesses the contraband weapon, and not that the inmate intend to use the object as a weapon).  Kenney does not state what was flawed in the instructions as they were presented.  Instead, he obtusely asserts that additional information should have also been included in the instructions.

Even if counsel had requested a jury instruction with the extraneous information about the legality of disposable razors in a federal prison, the court does not need to inform the jury of every proposed theory of the defense's case. See United States v. Davis, 183 F.3d 231, 250 (3d Cir. 1999) (defendant is entitled to jury instruction on his theory of the case where record contains evidentiary support for it).  As defendant was not charged with possessing an intact disposable razor, Kenney's desired instruction would not have added to defendant's theory of the case.  An expansive instruction including the legality of disposable razors within

10

the penitentiary would be immaterial and unrelated to the disputed facts at trial.

Furthermore, it is clear from the record that the jury was apprised of the undisputed fact that a prisoner's possession of an intact disposable razor was allowed in USP-Allenwood.  Defendant, however, was charged with possession of hidden contraband, which was the blade removed from a disposable razor and hidden behind matches in a matchbook.  Therefore, defense counsel's failure to request expansive instructions fails under both prongs of the <u>Strickland</u> test for ineffectiveness.  Counsel's performance in regard to the jury instructions was neither below an objective standard of reasonableness, nor did his failure to request a more expansive jury instruction prejudice the defendant in any way, even less cause an unreliable or fundamentally unfair outcome of the proceeding.

### B. Counsel's Failure to Request a Lesser Included Offense for Count Three

On the basis of <u>United States v. Barrett</u>, 870 F.2d 953 (3d Cir. 1989), Kenney asserts that his former attorney was deficient in not seeking a lesser included offense charge for Count Three of the indictment.  Under 18 U.S.C. § 1791(a)(2), a defendant may be convicted of either a felony or a misdemeanor depending on the nature of the contraband the prisoner possesses.  In <u>Barrett</u>, the district court had instructed the jury that the charge of possession of a cutting

11

instrument "necessarily includes the lesser offense of possessing or obtaining prohibited objects that threaten the order, discipline or security of a prison or threaten the life, health or safety of an individual." Barrett, 870 F.2d at 954. Compare the felony conviction under 18 U.S.C. §§ 1791(b)(3), 1791(d)(1)(B) ("a weapon (other than a firearm or destructive device), or an object that is designed or intended to be used as a weapon"), with the misdemeanor conviction under 18 U.S.C. §§ 1791(b)(5), 1791(d)(1)(F) ("any other object that threatens the order, discipline, or security of a prison, or the life, health or safety of an individual").

In Barrett, the circuit court vacated the defendant's convictions under 18 U.S.C. §1791(a)(1) and remanded for a new trial. Barrett, 870 F.2d at 955. The district court in Barrett had instructed the jury as to both the felony and misdemeanor offenses, but provided only an ambiguous verdict slip to the jurors so it was impossible to determine whether the jurors found defendant guilty of a felony or misdemeanor for his possession of contraband. Id.

Kenney contends that his former defense counsel failed to inform him, or the court, of his eligibility for the lesser included misdemeanor charge under 18 U.S.C. §§ 1791(a)(2), 1791(b)(5), 1791(d)(1)(F), and that this omission amounted to ineffective assistance under the Sixth Amendment. (Rec. Doc. No. 151, at 5.)

12

Kenney also characterizes the court's failure to inform the jury of the lesser included offense as a denial of Due Process under the Fifth Amendment. (Rec. Doc. No. 153, at 11.)

The evidentiary record indicates that defense counsel did request a lesser included offense charge as to Count One of the indictment. (Rec. Doc. No. 166, Ex. 2, at 43.) However, there is no evidence of his request for a lesser included offense charge as to Count Three of the indictment.[4]

We agree with the prosecution, and find that there simply was no factual basis upon which defense counsel could rest a request for the lesser included offense on Count Three of the indictment. Kenney did not simply possess a disposable razor blade, he possessed a concealed potentially lethal blade hidden in a matchbook. Evidence in the record, and provided to defense counsel, indicated that Kenney intended to use the blade as a weapon and cut his wrists. (Rec. Doc. No. 166, Ex. 4.) See United States v. Jiminez, 2002 U.S. Dist. Lexis 4449, *7 (S.D.N.Y. Mar. 18, 2002) (Sweet, J.) (discussing inmate carrying hidden blade with intention to harm himself). Furthermore, the blade was removed from its arm and

---

[4]Under Third Circuit precedent, had the court thought it necessary based on the evidence in the record, we could have sua sponte given a lesser included offense instruction under Federal Rule of Criminal Procedure 30. United States v. McGill, 964 F.2d 222, 240 (3d Cir. 1992), cert. denied, 506 U.S. 1023 (1993).

was hidden in a matchbook.  See Mays v. United States, 1994 U.S. Dist. Lexis

12547, *3 (N.D. Ca. Aug. 25, 1994) (Lynch, J.) (noting significance of concealed

loose blades when refuting prisoner's contention blades were issued by the prison).

Under these facts, where nothing could support defendant's contention that he

possessed the blade for any other reason than its being a weapon, it was objectively

reasonable for defense counsel not to request a lesser included offense charge.

Furthermore, with respect to the prejudice prong of Strickland, counsel's

failure to request a lesser included offense charge as to Count Three of the

indictment did not cause an unreliable or unfair outcome of the proceeding.

Therefore, defendant's contention that the failure to seek a lesser included charge

also violated the fairness of his trial under Fifth Amendment Due Process is without

merit.

### C.  Counsel's Failure to Recognize that Possession of a Razor in Prison is Legal

Kenney's third ground for relief in his § 2255 motion is that his counsel was

ineffective when he "failed to recognize that possession of a razor in prison is legal,

not illegal."  (Rec. Doc. No. 151, at 5.)  As we have already noted, it was an

undisputed fact at trial that prisoners are allowed to possess disposable razors, but

Kenney possessed a blade removed from its disposable arm and hidden in a

matchbook.  In his supporting brief, Kenney does not allege his counsel was ineffective, instead he asserts that he "cannot be guilty of a non-criminal offense." (Rec. Doc. No. 153, at 14.)

Kenney asserts that on the basis of <u>United States v. Berrigan</u>, 482 F.2d 171 (3d Cir. 1973), the prosecution has failed to prove all of the elements of 18 U.S.C. § 1791.  In <u>Berrigan</u>, the Third Circuit noted that "[o]ne of the elements of a violation of § 1791 is the absence of 'knowledge and consent of the warden or superintendent of [the] federal penal or correctional institution.'" <u>Berrigan</u>, 482 F.2d at 185 (quoting 28 C.F.R. § 6.1).  The Third Circuit held in <u>Berrigan</u>, that federal prisoners' attempts to smuggle letters known about to the warden into and out of the prison could not be convicted because the warden knew about the contents of these letters.  <u>Id.</u> at 185-90.  The prosecution asserts that <u>Berrigan</u> relied upon an obsolete version of 18 U.S.C. § 1791, "which in fact made reference to the absence of knowledge by the warden as a prerequisite for a conviction of inmates possessing contraband.  But that law changed in 1984."  (Rec. Doc. No. 166, at 9.) The C.F.R. relied upon in <u>Berrigan</u>, however, remains the same today, and was cited by the prosecution in its indictment.  (Rec. Doc. No. 1, at 3 (citing 28 C.F.R. § 6.1)).

Nevertheless, Kenney's reliance on <u>Berrigan</u> is misplaced because his

15

argument distorts the dangerous contraband that was discovered on his person.
Kenney did not possess a prison-issued disposable razor blade.  Kenney
possessed a modified blade concealed within a matchbook.  A finding of fact was
made by the jury that Kenney's hidden blade was designed or intended to be a
weapon.  Furthermore, although the prison warden may be aware the commissary
sells razor blades for shaving purposes, Kenney has not indicated how the warden
was aware that Kenney carried a hidden modified blade inside the matchbook in his
front pocket.

Kenney has also provided the court with a copy of Wallace v. Nash, 311
F.3d 140 (2d Cir. 2002), and suggests that his conviction cannot stand in light of
the Second Circuit's decision in that case.  The decision by the Second Circuit
dealt with the interpretation of 28 C.F.R. 541.13 as applied to a prison disciplinary
proceeding.  The circuit court found it improper for a federal prisoner to be
convicted in a disciplinary proceeding for possession of a weapon under 28 C.F.R.
§ 541.13, based on the prisoner's striking another inmate with a pool cue.  Id. at
146.  The specific language at issue in Wallace under 28 C.F.R. § 541.13 prohibits
the "[p]ossession, manufacture, or introduction of a gun, firearm, weapon,
sharpened instrument, knife, dangerous chemical, explosive or any ammunition."
Id. at 144 (quoting 28 C.F.R. § 541.13 tbl .3).  The circuit court held that the

16

possession prohibition could not apply to petitioner who had used a pool cue in an assault, because the prison regulations did not apply to "an otherwise innocuous object [that was used] to injure another." Id. at 145-46.

        We do not find Kenney's argument convincing.  Kenney did not possess a razor as it was originally available to prisoners.  Kenney had modified the razor so he could hide the blade within a matchbook.  The removed and concealed blade was found by the jury as "an object that was designed or intended to be a weapon."  18 U.S.C. § 1791(d)(1)(B).  Kenney asserts in his brief that: (1) he was authorized to possess the razor, (2) "an authorized razor secreted in a match book surely do (sic) not fall under those as a dangerous device"; (3) "the razor was never manufactured into a weapon, nor intended to be used as a weapon."  (Rec. Doc. No. 153, at 15-16.)  Kenney then notes in a footnote that "[u]nfortunately, Petitioner-Kenney suffers a mental disease or defect paranoid schizophrenia, inter alia, that causes him to secretly cut himself with razors (Kenney's both arms reflect his sickness)."  (Rec. Doc. No. 153, at 16 n.1.)  This position is wholly inconsistent with Kenney's argument that the hidden blade was innocuous.  Finally, the jury as the triers of fact, considered the evidence in the record and determined that Kenney had designed or intended the secreted blade to be a weapon.

## V.  Kenney's Assertion that the Prosecution Had Insufficient Evidence

17

Kenney's final argument is an amalgam of due process and ineffective assistance claims that in whole assert that the prosecution lacked sufficient evidence to obtain a conviction against Kenney on Count Three of the indictment.  Kenney notes the deferential standard courts apply in direct review when evaluating a challenge to the sufficiency of the evidence.  The Third Circuit recently noted that "[i]f after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, this Court will sustain the verdict."  <u>United States v. Hedaithy</u>, 392 F.3d 580, 605 (3d Cir. 2004).

At the close of the prosecution's evidence, defense counsel presented an oral request for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a), and we denied that motion.  (Rec. Doc. No. 166, Ex. 3.)  At trial the prosecution presented the object discovered in Kenney's front pants pocket, an exhibit of an intact razor blade, and statements made by the defendant in which he mentioned the blade that constitutes the basis for Count Three of the indictment. (Rec. Doc. No. 166, Ex. 4.)  There was sufficient evidence for the jury to find that the hidden blade Kenney possessed was designed or intended to be a weapon.

## CONCLUSION:

18

For the foregoing reasons Kenney's motion will be denied.

           s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
        :     4:CR-99-280
      v.       :     4:CV-03-1780
        :
JOHN C. KENNEY        :     (Judge McClure)
        :

# O R D E R

May 5, 2005

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    Kenney's motion under 28 U.S.C. § 2255 is denied.  (Rec. Doc. No. 151.)

2.    There is no basis for the issuance of a certificate of appealability.

3.    The clerk is directed to close the case file docketed to 4:CV-03-1780.

                s/ James F. McClure, Jr.
                James F. McClure, Jr.
                United States District Judge

1