4:99 CR 280

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED WILLIAMSPORT
NOV 08 2013
PER _____ /s/
DEPUTY CLERK

| | |
|---|---|
| JOHN CHARLES KENNEY, Petitioner, | No. _____ |
| v. | Petition For A Writ Of Audita Querela |
| JEFF E. THOMAS, Warden, Respondent. | |

## A WRIT OF AUDITA QUERELA

NOW COMES, John Charles Kenney, Pro Se, Petitioner, hereby, files the instant Writ of Audita Querela, as instructed by this Court in a recent ORDER. (See Supporting Order)(Order from the Third Circuit U.S. Court of Appeals, dated October 25, 2013, instructs Kenney to file a petition for a writ of audita querela in this Middle District Court of Pennsylvania).

Pursuant to this Court's instructive ORDER, Kenney "only" challenges the imposition of his sentence from his underlying criminal proceeding, M.D. Pa. Crim. No. 99-cr-00280. Because, Kenney was sentenced in the Middle District of PA in Williamsport, PA. That, Kenney's petition, is properly before the Court */.

---

*/ See, 28 U.S.C. 2242 and 2243; see also, Rumsfeld v. Padilla, 542 U.S. 426 (2004); and, Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009).

WRONGLY IMPOSED SENTENCE VIOLATES THE SIXTH AMENDMENT

Petitioner-Kenney's "wrongly" imposed 41-month sentence violates the Sixth Amendment of the U.S. Constitution. Therefore, his challenge is permissible. See, United States v. Suggs, 230 Fed. Appx. 175 (3d Cir. 2007)(Mandatory sentencing enhancement violated Sixth Amendment required remand for resentencing)(AMBRO, J.); United States v. Hayes, 174 Fed. Appx. 666 (3d Cir. 2006)("[W]e held that defendants sentenced under the previously mandatory Sentencing Guidelines should have their sentences remanded to the District Court for resentencing")(RENDELL, J.); Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012)(holding prisoner challenging execution of his sentence, is cognizable in a habeas petition in the District Court); Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010)(habeas petitions apply to sentencing claims and must proceed upon the merits); Spencer v. United States, No. 10-10676, decided on August 5, 2013 (11th Cir. 2013)(Spencer's freestanding challenge to a career offender sentence is cognizable on collateral review); see also, Alleyne v. United States, 133 S.Ct. 2151 (2013)(hold that under the, "Sixth Amendment facts which increase a defendant's mandatory minimum sentence are elements of the crime and must be found by a jury beyond a reasonable doubt."(Id. at 2163).

Based on Suggs, Hayes, Cardona, Gilbert, Spencer, Alleyne, supra, and this Court's ORDER, dated October 25, 2013, cumulatively

## THIS COURT RECOGNIZES INTERVENING CHANGES IN SUBSTANTIVE LAW BY THE U.S. SUPREME COURT

make it "abundantly clear," that federal sentences must be "rightfully" imposed, thus accurate commensurate with that of the United States Constitution's Sixth Amendment.

## AN INTERVENING CHANGE IN SUBSTANTIVE LAW THAT NEGATES THE UNDERLYING CRIMINAL CONDUCT NECESSITATES RESENTENCING

Begay v. United States, 553 U.S. 137, 144 (2008), is an intervening change in substantive law that has "dramatically" altered, "the class of persons the law punishes." Schriro v. Summerlin, 542 U.S. 348, 353 (2004), and announced a "new" substantive rule that is "retroactively" applicable. See, Welch v. United States, 604 F.3d 408, 415 (7th Cir. 2010)(holding Begay is "retroactively" applicable); Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir 2010)(holding Begay "retroactive"); Jones v. United States, 689 F.3d 621 (11th Cir. 2011)(holding Begay is "retroactive"); see also, Zack v. United States, 704 F.3d 917, 925-26 (11th Cir. 2013)(en banc)(same).

Accordingly, Kenney is, indeed, entitled to Begay relief in this Court, albeit, retroactive, or not, due to the intervening change in substantive law. See, Green v. Apker, 2005 WL 1138478, *4 (M.D. Pa.)(This Court stated, "that the request for relief under [habeas] must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of

3

# ARGUMENT

Petitioner's conduct leading to his federal conviction").

Here, Kenney, "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision is cognizable in a district court." (quoting In re Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997) (SLOVITER, C.J.)).

# ARGUMENT

On June 4, 2001, Kenney was found guilty by a jury for possessing a disposable razor blade on his person. See, United States v. Kenney, 310 F.3d 135 (3d Cir. 2002). Then on August 12, 2009, this "same Court" condemned the Kenney case in United States v. Polk, 577 F.3d 515, 517-20 (3d Cir. 2009), which explicated:

> "Kenney is no longer good law in light of the Supreme Court's recent decision in Begay... we vacate the District Court's sentencing order."

(Quoting Polk, 577 F.3d at 517 (AMBRO, J.)).

Kenney "awfully" received a 41-month "augmented sentence" pursuant to the "career offender" provisions of U.S.S.G. 4B1.1. Due to Begay's intervening change in substantive law makes Kenney's underlying conduct non-criminal. Polk, Id. at 520. Kenney asseverates, he should be resentenced, excluding career of-

4

# KENNEY'S UNDERLYING CONDUCT IS NONCRIMINAL

fender provisions, because, he has demonstrated that his prior underlying conduct of, "possession of a weapon in prison should not be considered a 'crime of violence' under the Career Offender Guidelines." (quoting Polk, supra, 577 F.3d at 520)).

As a result, Kenney qualifies for Begay relief, in light of Green and Dorsainvil, supra, due to an intervening change in substantive law by the U.S. Supreme Court in Begay, supra, 553 U.S. at 144-45; Polk, supra, 577 F.3d at 519 ("Begay, points out that even a serious potential for injury is not enough to qualify a crime for career offender enhancement."). Here, Kenney "faces a punishment that the law cannot impose upon him." Schriro, supra, 542 U.S. at 352.

Kenney's contention is unlike that of the Okereke-Rule, because Kenney's underlying crime of possessing a razor in prison is rendered nonviolent for career offender enhancement purposes. Therefore, Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) does not bar Kenney from challenging his non-criminal underlying conduct. Thus, the Government is "wholly" unable to prove by "a preponderance of the evidence, [Kenney's prior conviction[] [of possessing a razor in prison satisfy the] career offender status." See, United States v. Howard, 599 F.3d 269, 271-72

# RESENTENCING-REMAND-REQUESTED

(3d Cir. 2002).

This Court taught Kenney that:

> "[W]e do not foreclose the possibility that Dorsainvil could be applied to petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the petitioner's direct and collateral appeals under 2255.5."

(Quoting Pollard v. Yost, 406 Fed. Appx. 635, 638 (3d Cir. 2011)(AMBRO, J.)). Kenney's claim is not foreclosed and must proceed upon the merits, described in Pollard above and Dorsainvil, supra. Therefore, Kenney request to be resentenced, excluding the Career Offender provisions, since his underlying conduct has been rendered non-criminal. With an advisory guideline range of six-months, which is a lesser included offense of 18 U.S.C. 1791.

WHEREFORE, the Court should consider resentencing Kenney, excluding Career Offender provisions of 4B1.1. Or, modify his 41-month sentence pursuant Crim. Case No. M.D. Pa. 99-cr-00280.

6

Respectfully submitted and requested,

*John Charles Kenney*

JOHN CHARLES KENNEY / Petitioner
Register No. 05238-041
United States Penitentiary Lewisburg
Post Office Box 1000
Lewisburg, Pennsyvania 17837-1000

Telephone: (570) 523-1251

Dated: November 2, 2013

7

*"Petitioner's Supporting Order For Filing A Writ Of Audita Querela"*

ALD-008                                                          October 18, 2013

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **13-3872**

In re: JOHN CHARLES KENNEY, Petitioner

Present:      RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

Submitted are:

(1)   Petitioner's application pursuant to 28 U.S.C. § 2244 and § 2255 to file a second or successive motion under 28 U.S.C. § 2255;

(2)   Petitioner's motion for appointment of counsel; and

(3)   Petitioner's motion to be relieved from the filing requirements of 3d Cir. L.A.R. 22.5

in the above-captioned case.

Respectfully,

Clerk

MMW/JJA/tmm

_____ORDER_____

The foregoing application under 28 U.S.C. § 2244 and 28 U.S.C. § 2255 for leave to file a second or successive motion under 28 U.S.C. § 2255 is denied. We previously explained in denying petitioner's motion to recall the mandate in his appeal why his argument based on Begay v. United States, 553 U.S. 137 (2008), and United States v. Polk, 577 F.3d 515 (3d Cir. 2009), does not satisfy the standard for filing a second or successive § 2255 motion. See United States v. Kenney, 391 F. App'x 169, 171-72 (3d Cir. 2010). Petitioner has raised no new legal or factual argument that might warrant or permit a different result now. Further, contrary to petitioner's contention, the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), does not entitle him to relief here because the Supreme Court has not made that decision retroactively applicable to cases on collateral review. See In re Payne, --- F.3d ----, No. 13-5103, 2013 WL 5200425, at *1-2 (10th Cir. Sept. 17, 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Finally, McQuiggin v. Perkins, 133 S. Ct.

1924, 1928 (2013), which holds that a showing of actual innocence can overcome the one-year limitations period for filing a federal habeas petition, has no application here.

Petitioner's request for appointment of counsel is denied, and his motion to be relieved of the filing requirements of 3d Cir. L.A.R. 22.5 is granted. As stated in the order in C.A. No. 12-2537, this ruling is without prejudice to petitioner's ability to file a petition for a writ of audita querela in the United States District Court for the Middle District of Pennsylvania addressed to the sentence imposed in his underlying criminal proceeding, M.D. Pa. Crim. No. 99-cr-00280.

By the Court,

/s/ Marjorie O. Rendell
Circuit Judge

Dated: October 25, 2013
tmm/cc: Mr. John Charles Kenney

A True Copy:
Marcia M. Waldron

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.

# Clerk's Office

Wednesday, November 6, 2013

Dear, Chief Deputy Clerk's Office:

I, have filed the instant Petition for A "Writ Of Audita Querela, as directed and/or instructed by this Court. (See Order) (Order Enclosed instructs or directs me to file the instant petition, as is).

As a result, I am requesting you to please incorporate by reference the enclosed petition on the Docket, stamp it with a assignment number, and forward me a stamped copy.

Respectfully submitted and requested,

*John Charles K[enney]*
JOHN CHARLES KENNEY/Petitioner
Register No. 05238-041
United States Penitentiary Lewisburg
Post Office Box 1000
Lewisburg, Pennsylvania 17837-1000

Telephone: (570) 523-1251

"Thank you so much!"

Inmate Name: Mr. John Charles Kenney
Register Number: # 05238-041
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837-1000



Freedom FOREVER

Legal Mail
REW
11-6-13

c/o Ms. Susan Bergey
Deputy Clerk's Office
U.S. District Courthouse
Federal Building, Ste. 218
240 West Third Street
Williamsport, PA 17701-6460

17701 6460