IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 4:99-cr-0280 |
| | : | |
| | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| JOHN C. KENNEY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

FEBRUARY 15, 2017

## I.   BACKGROUND

Defendant, John C. Kenney, has been ensnared in a legal mire. He has, however, traversed the glen and reached his objective by an unusual path -- an antiquated writ.  Despite the lengthy pendency of this action, I conclude today that Kenney is entitled to a reduced guideline range and resentencing in accordance with that lower range.

Kenny was criminally charged by a three-count indictment on November 10, 1999.  He was tried by jury on June 4, 2001, and found guilty of only Count III, Possession by an Inmate of a Prohibited Object in violation of 18 U.S.C. § 1791(a)(2).  Kenny had removed the blade from a razor and secreted it in a matchbook, thus rendering, what, in its original form was a permitted object, a

razor, into a prohibited object – a hidden blade.

That matter was attended to under the experienced eye of my late predecessor in this venire of the Court, the Honorable James F. McClure, Jr.  At sentencing, Judge McClure determined that Kenney's conviction was a "crime of violence" under the "residual clause" of United States Sentencing Guideline 4B1.2(a)(2), which rendered Kenney a career offender under Guideline 4B1.1.   As a result, Kenney's guideline range of imprisonment was 41-51 months.  Judge McClure sentenced Kenney at the bottom of that range to 41 months imprisonment.

Kenney, through counsel, filed a direct appeal.  The United States Court of Appeals for the Third Circuit affirmed the sentence on direct appeal, observing that the "sole question that we must answer is whether Kenney's conviction for possession of contraband was for a "crime of violence" within U.S.S.G. § 4B1.1, as defined in U.S.S.G. § 4B1.2(a)(2)." *United States v. Kenney,* 310 F.3d 135, 136 (3d Cir. 2002).  Using the categorical approach, our Court of Appeals determined that it was a crime of violence under the residual clause of the career offender guideline.

On October 6, 2003, Kenny filed a *pro se* Motion to Vacate.  Judge McClure construed this motion as a petition for writ of habeas corpus under 42 U.S.C. § 2255, and denied it.

Subsequently, on August 12, 2009, the Third Circuit decided a case entitled *United States v. Polk*,[1] which explicitly and directly abrogated *Kenney*. The *Polk* court wrote, "*Kenney* no longer remains good law and possession of a weapon in prison should not be considered a "crime of violence" under the Career Offender Guidelines post-*Begay*."[2] *Begay*[3] was decided by the United States Supreme Court one year prior, discussing what constitutes a "violent felony" under the Armed Career Criminal Act. In *Polk*, the Third Circuit held that "a § 1791(a)(2) conviction for possession of a prohibited object designed to be used as a weapon in prison is not a 'crime of violence' for purposes of the Career Offender Guidelines."[4]

Kenney, still proceeding *pro se*, then took what seemed to be the logical course of action. On December 3, 2009, he filed a Motion to Recall the Mandate with the Third Circuit. The Third Circuit denied the motion.[5] Although a federal court of appeals has "inherent power to recall the mandate, that power can be

---

[1] 577 F.3d 515 (3d Cir. 2009).
[2] *United States v. Polk*, 577 F.3d 515, 520 (3d Cir. 2009).
[3] *Begay v. United States*, 553 U.S. 137 (2008).
[4] *Polk*, 577 F.3d at 520.
[5] *United States v. Kenney*, 391 F. App'x 169, 170 (3d Cir. 2010). Although the Westlaw citation indicates that Kenney had counsel for this motion, it is clear from the Third Circuit docket, 01-CV-4318, that the motion was filed by Kenney himself proceeding *pro se*.

exercised only in extraordinary circumstances."[6]  Instead of exercising that power, the Third Circuit construed Kenney's *pro se* motion as a second or successive habeas petition, and denied it because it didn't meet the requirements of either 28 U.S.C. §§ 2255 or 2241.

Nearly three years later, Kenney took the next cogent step and filed a *pro se* application to file a second or successive habeas petition docketed to a new Third Circuit docket number (12-CV-2537).   The Third Circuit denied this motion on September 25, 2012, but in doing so, wrote the following:

> Our ruling, however, is without prejudice to petitioner's ability to file a petition for a writ of *audita querela* in the United States District Court for the Middle District of Pennsylvania addressed to the sentence imposed in his underlying criminal proceeding, M.D. Pa. Crim. No. 99-cr-00280. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009). We make this observation for the following reasons. We have held that *Begay* overruled the "crime of violence" analysis that both the District Court and this Court applied in petitioner's own case. *See Polk*, 577 F.3d at 517 (explaining that *United States v. Kenney*, 310 F.3d 135 (3d Cir. 2002), "is no longer good law"). Thus, petitioner's designation as a career offender under the Sentencing Guidelines may now be erroneous, and that designation may have affected his sentence (though we decide neither issue). We have also held that an *audita querela* petition may not be used to circumvent the gate-keeping requirements of § 2255. *See Massey*, 581 F.3d at 174. Decisions issued since we denied petitioner's motion to recall our mandate, however, suggest that there may be some question whether petitioner's Sentencing Guidelines argument under *Begay* is even cognizable under § 2255. *See, e.g., United States v. Wyatt*, 672 F.3d 519, 523-24 (7th Cir. 2012); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (*en banc*);

---

[6] *Calderon v. Thompson*, 523 U.S. 538, 549-50, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).

*see also United States v. Cepero*, 224 F.3d 256, 268 (3d Cir. 2000), *abrogated on other grounds by Gonzalez v. Thaler*, 132 S. Ct. 641 (2012); *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993). If it is not, then there may also be some question whether the gate-keeping requirements of § 2255 that preclude *audita querela* relief in some cases are triggered in the first place. *See Massey*, 581 F.3d at 174; *United States v. Ayala*, 894 F.2d 425, 430 (9th Cir. 1990). We express no opinion on these issues or on whether *audita querela* relief might otherwise be appropriate if petitioner chooses to pursue it in the District Court. Finally, Petitioner's filings request appointment of counsel in this Court. That request is denied, but without prejudice to petitioner's ability to request appointment of counsel in the District Court if he pursues a writ of *audita querela* in that court. To the extent that petitioner's filings request other relief in this Court, they are denied.[7]

At the suggestion of the Third Circuit,[8] Kenney filed the instant writ of *audita querela*[9] on November 8, 2013.[10] ECF No. 169. However, in an unaccountable error that went undiscovered for nearly three years, the motion was docketed to the above captioned criminal case, yet never reassigned from the late Judge McClure to me.

After *Johnson*[11] and its progeny were decided, the United States Federal Public Defenders Office for this district conducted an exhaustive search of cases

---

[7] *In re John Charles Kenney,* Third Circuit Docket Number 12-CV-2537, Order of September 25, 2012.

[8] I have reviewed the 65 cases on Westlaw in which the Third Circuit has discussed *audita querela*. I saw no other examples of that court suggesting to a petitioner that he file this writ.

[9] Literally, the complaint [or quarrel] having been heard. BLACK'S LAW DICTIONARY (10th ed. Bryan A. Garner, ed. 2014).

[10] Luckily for Kenney, there is no statute of limitations attached to this writ. *See Lowenbach's Adm'r v. Kelley*, 111 Va. 439 (1910).

[11] *Johnson v. United States,*___U.S. ___, 135 S. Ct. 2551 (June 26, 2015).

potentially affected by the forthcoming *Beckles v. United States* decision.  Because of Kenney's designation as a career offender, based on what was determined to be a crime of violence, Kenney was appointed competent counsel from the Federal Defender's Office, and a 2255 petition was filed with this Court, together with a stay of that petition pending a decision in *Beckles*, and a petition to file a second or successive petition with the Third Circuit.

I decided that the prudent course of action was to wait for the United States Supreme Court to decide *Beckles*, as then Kenney would have recourse through a habeas petition rather than the most unusual and extraordinary writ of *audita querela*.[12]  The matter was stayed pending *Beckles* and the Third Circuit's decision on Kenney's currently pending application to file a  second or successive petition. The Third Circuit did not agree with my approach.  I was directed instead to act on the now three year old motion for *audita querela* forthwith.

For the reasons that follow I will grant the writ of *audita querela* and will

---

[12] For if *Beckles* is decided in a manner that is favorable to Kenney, and the Third Circuit grants his application for a second or successive petition for writ of habeas corpus, I would not need to reach the merits of the writ of *audita querela* , a device of extraordinarily limited utility.   *See  Hyman v. United States*, 342 F. App'x 730, 731 (3d Cir. 2009) (A petitioner "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence.").

resentence Mr. Kenney.[13]

## II.   DISCUSSION

In addition to the brief definition set forth above, *audita querela* is further described as "A writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses."[14]  It is an infrequently used writ; in the 1850s it was considered to be an "ancient practice."[15]  "These days, a writ of *audita querela* is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition."[16] It is so uncommonly granted, that there is no consensus as to whether it is an equitable, or purely legal, remedy.[17] As a consequence, and not unexpectedly, "courts disagree in attempting to define the circumstances that justify issuance of the writ."[18]

Additionally, it has been noted that "*audita querela* is a common-law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter

---

[13] Counsel may decide then whether to withdraw the pending habeas corpus motion.

[14] BLACK'S LAW DICTIONARY (10th Ed. Bryan A. Garner, ed. 2014).

[15] *Job v. Walker*, 3 Md. 129, 132 (1852).

[16] *Villafranco v. United States*, 2006 WL 1049114, at *2 (D. Utah Apr. 18, 2006) (internal quotations and citations omitted).

[17] *See, e.g., United States v. Salgado,* 692 F.Supp. 1265 (E.D.Wash.1988) (finding the writ to be an equitable remedy) *compared to Ejelonu v. I.N.S., Dep't of Homeland Sec.* 355 F.3d 539 (6th Cir. 2004) (the writ is a solely legal remedy.)

[18] *Villafranco v. United States*, 2006 WL 1049114, at *6 (D. Utah Apr. 18, 2006).

of defense or discharge arising since its rendition and which could not be taken advantage of otherwise; it may also lie for matters arising before judgment where defendant had no opportunity to raise such matters in defense."[19]  The United States Supreme Court[20] has found that the basis for jurisdiction for a writ of *audita querela* is the All Writs Act.[21]  "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute."[22]

Despite its antediluvian nature, it is a useful writ, as it is available "to plug a gap in the system of federal postconviction remedies."[23]  However, it is generally unavailable where the proper motion is a motion to vacate.[24]  A writ of *audita querela* should be denied when the relief requested is available by another means of review.

Furthermore, "a*udita querela* is not a wand which may be waved over an otherwise valid criminal conviction, causing its disappearance; rather, it provides relief from the consequences of a conviction when a defense or discharge arises

---

[19] 7 Am. Jur. 2d *Audita Querela* § 1

[20] *See United States v. Morgan*, 346 U.S. 502 (1954).

[21] 28 U.S.C. § 1651.

[22] *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).

[23] *United States v. Johnson*, 962 F.2d 579, 583 (7th Cir. 1992), *but see, Villafranco v. United States,* 2006 WL 1049114, at *4 (D. Utah Apr. 18, 2006) ("In *Melton v. United States*, 359 F.3d 855, 856 (7th Cir.2004), the Seventh Circuit perceived few, if any interstices or "gaps" in federal post-conviction remedies needing to be filled by relief in the nature of a writ of audita querela.").

[24] *See e.g.* 7A C.J.S. *Audita Querela* § 7, *and see United States v. Prepetit* 816 F. Supp. 2d 121 (D. D.C. 2011).

subsequent to entry of the final judgment."[25] "The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction."[26] "Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief."[27]

"The writ is available only where the petitioner raises a (1) valid legal objection; (2) to a judgment that arises after that judgment is entered; and (3) that is not redressable by some other means."[28]  Based on the narrow factual particulars that apply to Kenney, I hold that he has found himself in one of the few circumstances where *audita querela* relief is available.

The Third Circuit has directly abrogated Kenney's case, yet has denied him both the opportunity to vacate the mandate and to file a second or successive habeas petition[29]  Possession of a weapon in prison is no longer considered a "crime of violence" that would render one a career offender under the guidelines;

---

[25] *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir.1992).

[26] *Id.*

[27] *Id.*

[28] *Muirhead v. Attorney Gen. of U.S.*, 262 F. App'x 473, 474 (3d Cir. 2008) (unpublished) *See also Villafranco*, 2006 WL 1049114, at *11 (Petitioner must show (1) that because of a matter of valid defense or discharge arising only after the entry of the judgment in his criminal proceeding, (2) it would be "unconscionable"—that is, "against conscience" or "contrary to justice"—"to execute such [a] judgment," (3) for reasons which he could not previously have raised in his original criminal proceeding, on direct appeal, or otherwise.")

[29] "A writ of *audita querela* is not available to a petitioner when other remedies exist such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir.2002).

that rule is retroactive. [30]   Moreover, because there are "no new evidential materials or theories which would serve as a "defense" to the conviction, *coram nobis* is [also] unavailable"[31] to Kenney.

I find that Kenney is entitled to a lowered guideline range because of a valid legal objection that only arose after judgment was entered for reasons that he could not raise in his original sentencing and the direct appeal of that sentence, and that he cannot currently address by other means.  "*Audita querela*, however, a quaint term which has previously escaped either analysis or employment by this Court, does seem apropos under the facts of this case."[32]

## III.   CONCLUSION

As the proper remedy is resentencing[33], an Order will issue this date granting John C. Kenney's Motion for Writ of *Audita Querela* and scheduling re-sentencing.

BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[30] *United States v. Doe,* 810 F.3d 132 (3d Cir. 2015).

[31] *United States v. Salgado*, 692 F. Supp. 1265, 1269 (E.D. Wash. 1988).

[32] *Id.*

[33] *Kessack v. United States*, No. C05-1828Z, 2008 WL 189679, at *1 (W.D. Wash. Jan. 18, 2008) *disapproved of by Luna v. United States*, No. CV F 95-05036 AWI, 2009 WL 2351716 (E.D. Cal. July 29, 2009)